IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAN WANG, | : | CIVIL NO.: 1:15-CV-02291 |
| | : | |
| | : | |
| Petitioner, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| WARDEN CRAIG A. LOWE, *et al.*, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

On November 29, 2015, Petitioner Fan Wang ("Wang") filed a petition (*doc. 1*) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). In his petition, Wang requests that the Court grant him a prompt bond hearing before an immigration judge, or alternatively, that the Court order his immediate release from custody at the Pike County Correctional Facility in Lords Valley, Pennsylvania, where he is currently detained. *Id.* at 7. On January 4, 2016, Respondents Craig A. Lowe, Thomas R. Decker, and ICE filed a response (*doc. 6*) to the petition, and on January 19, 2016, Wang filed a reply (*doc. 7*) thereto. The petition, having been fully briefed by the

parties, is ripe for disposition. For the reasons set forth below, it is recommended that Wang's petition for a writ of habeas corpus be granted and that an immigration judge be ordered to conduct a bond hearing.

**II. Background.**

Wang, who was born on April 9, 1986, is a native and citizen of the People's Republic of China. *Doc. 6-1* at 4; *doc. 1* at 2. At fifteen years old, he was initially admitted to the United States as a Nonimmigrant L-2 (Child of Intracompany Transferee); his status was subsequently adjusted to that of a Lawful Permanent Resident. *Doc. 6-1* at 4. At twenty-eight years old, in the United States District Court for the Southern District of New York, Wang pleaded guilty to Making a False Report in Connection with Commodities Transactions in violation of 7 U.S.C. §§ 6b(a)(1)(B) and 13(a).[1] *Doc. 1* at 15-20, 22. He was sentenced to three months imprisonment, followed by three years supervised release. *Id.* at 15-17. He was also ordered to make restitution in the amount of $2,200,000. *Id.* at 19.

---

[1] According to the petition, Wang—who graduated high school as an honor student and earned a Bachelor of Science in electrical and computer engineering from Cornell—was "employed as a clerk and assistant trader at Bluefin Trading ("Bluefin"), a financial services firm engaged in the proprietary trading of energy derivatives." *Doc. 1* at 3. While there, Wang "made certain unauthorized purchases of light crude oil futures contracts in Bluefin proprietary account." *Id.* After making those unauthorized purchases, he then "made false entries showing that those trades had been closed." *Id.*

2

While Wang was serving his criminal sentence, ICE served him with a Notice to Appear, charging him as removable from the United States pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (the "Act") for having committed an "aggravated felony" as defined in § 101(a)(43) of the Act. *Doc. 1* at 4, 53-54. After completing his criminal sentence, Wang was taken into ICE custody on April 13, 2015.[2] *Id.* at 1.

On March 24, 2015, following a hearing regarding Wang's removal proceedings, Wang's counsel filed a motion to terminate. *Doc. 6-1* at 7, 9, 14-28. The immigration judge denied Wang's motion, *doc. 1* at 57-59, and although the judge agreed to reconsider the motion to terminate, he ultimately sustained Wang's removal charge. *Id.* at 60-63. On June 4, 2015, Wang was ordered removed from the United States to the People's Republic of China. *Doc. 6-1* at 67-68. That same day, Wang's counsel appealed to the Board of Immigration Appeals (the "Board"). *Id.* at 69. The Board, after receiving the appeal, requested supplemental briefing from the parties and invited the filing of *amicus curiae* briefs from the public. *Doc. 1* at 93.

More recently, on March 7, 2016, Wang's counsel filed a letter (*doc. 8*) on the docket, informing the Court that although briefing had been completed on

---

[2] Respondents aver, however, that Wang was taken into ICE custody on or about April 15, 2015. *Doc. 6* at 4. Thus, it appears, based on the submissions of both parties, that regardless of the exact date that he was taken into ICE custody, Wang has been in custody for at least one full year.

3

February 16, 2016, the Board had not issued a decision on whether to hold oral argument, nor had it issued a decision on the merits.  And, on April 13, 2016, Wang's counsel filed another letter (*doc. 9*) on the docket, reiterating the same, and further informing the Court that Wang has now been detained for a full year.

It is based upon this backdrop that Wang has requested the Court to grant him a prompt bond hearing before an immigration judge, or alternatively, to order his immediate release from custody at the Pike County Correctional Facility. *Doc. 1*.

**III. Discussion.**

**A. The Only Proper Respondent in this Case is Craig A. Lowe.**

Wang's petition names as the respondents: (1) Craig A. Lowe, the Warden at the Pike County Correctional Facility; (2) Thomas R. Decker, ICE's Philadelphia Field Office Director for Enforcement and Removal; and (3) ICE.  *Doc. 1* at 1, 2. Pursuant to 28 U.S.C. § 2243, the writ of habeas corpus, or order to show cause, shall be directed to the petitioner's custodian, which—for habeas corpus purposes—is the warden of the prison where the petitioner is being held.  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Here, Wang is incarcerated at the Pike County Correctional Facility.  Thus, as correctly argued by the respondents (*see doc. 6* at 2 n.1), Craig A. Lowe, the

Warden of that facility, is the only proper respondent in this action. As such, it is recommended that Thomas R. Decker and ICE be dismissed as respondents.

### B. Wang is Entitled to a Bond Hearing Before an Immigration Judge.

"Under the pre-removal statute—8 U.S.C. § 1226(a)—ICE can detain any alien pending a decision in removal proceedings against that alien, and can release on bond any alien not otherwise ineligible for such release." *Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 268 (3d Cir. 2012). But, 8 U.S.C. § 1226(c) provides for mandatory detention of aliens who are convicted of certain enumerated offenses, including aggravated felonies such as Wang's. Generally, "[§] 1226(c) does not give the Attorney General any authority to release these aliens on bond." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 473 (3d Cir. 2015); *but see* 8 U.S.C. § 1226(c)(2) (providing for a limited exception to the mandatory-detention requirement in certain narrow circumstance when release is necessary to protect certain individuals such as witnesses and potential witnesses).

Although the "Supreme Court left no doubt that the Government's authority under [§] 1226(c) to detain aliens without an opportunity for bond complies with the Constitution," *Chavez-Alvarez*, 783 F.3d 469, 473 (3d Cir. 2015) (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)), "there are limits to this power." *Chavez-Alvarez*, 783 F.3d at 473 (citing *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011)). In particular, § 1226(c) "[implicitly] authorizes only

mandatory detention that is reasonable in length," *Diop*, 656 F.3d at 235, and where detention has become unreasonable in length, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute"— i.e., that the alien attends removal proceedings and that his release will not pose a danger to the community. *Id.* at 233; *Chavez-Alvarez*, 783 F.3d at 475.

"[G]iven that Congress and the Supreme Court believed [the purposes of the statute] would be fulfilled in the vast majority of cases within a month and a half, and five months at maximum, . . . the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." *Diop*, 656 F.3d at 234 (internal citation omitted). In *Chavez-Alvarez*, the Court of Appeals seemingly expanded upon this statement by providing, in a case where the petitioner had presented a good faith challenge to his removal, that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time [the alien] ha[s] been detained for one year, the burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478.

"Thus, where a petitioner's detention extends beyond the point where his liberty interests outweigh the justifications for continued detention without a bond

hearing under § 1226(c), as occurred sometime between six months and one year in *Chavez-Alvarez*, a court reviewing such detention under a habeas challenge should order a bond hearing in the immigration court to determine whether continued detention is required to further the goals of the statute." *Jesus v. Rodriguez*, No. CV 15-4162, 2015 WL 6164000, at *2 (D.N.J. Oct. 19, 2015).

Here, the respondent contends that he does not have the authority to release Wang on bond. *Doc. 6* at 13. The respondent further contends that Wang's mandatory detention is reasonable and has not been prolonged. *Id.* at 14. The respondent finally contends that a decision from the Board is imminent. *Id.* Wang, however, has presented arguments to the contrary. *Doc. 1*; *doc. 7* at 1-3. Wang argues that his continued detention without a bond hearing violates due process. *Doc. 1*. Wang also argues that a decision from the Board is not imminent and that, therefore, his detention is likely to be further prolonged. *Doc. 7* at 1. In support, he points to the extensive briefing that has been submitted to the Board, the complexity of the issues raised therein, and the fact that should the Board issue a ruling contrary to his position, his counsel will appeal that ruling. *Id.* at 1-2, 3.

After thoroughly reviewing the parties' respective arguments, the Court concludes that while in certain cases it may be difficult to determine when the "tipping point" after which an alien is entitled to a bond hearing has been reached, it is plain to the Court that such a point has been reached in this case. *See Chavez-*

*Alvarez*, 783 F.3d at 474-75 ("[A]t a certain point—which may differ case by case—the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous.") (footnote omitted).  Based on the record before the Court, there is no evidence suggesting delay tactics or bad faith on behalf of Wang.  Rather, it appears to the Court that Wang's legal challenge to his removal has been brought in good faith and raises questions of arguable merit—especially in light of the fact that the Board has not only requested supplemental briefing from the parties, but has also invited the public to file *amicus curia* briefs on Wang's legal challenge.  Moreover, considering that Wang has been detained in ICE custody for a full year, the Government has had "enough exposure to [him], and sufficient time to examine information about him to assess whether he truly pose[s] a flight risk or present[s] any danger to the community."  *Id.* at 477.  Thus, "reviewing [Wang's] detention [will not] put the Government in a disadvantaged position to make its case."  *Id.*  Furthermore, as stated by the Court of Appeals, and reverberated by this Court on prior occasions, Wang's confinement cannot be overlooked, as he is being held in detention at the Pike County Correctional Facility, among "those serving terms of imprisonment as a penalty for their crimes."  *Id.* at 478; *cf. id.* ("The proceedings at issue here are civil, not criminal, and we assume that they are nonpunitive in purpose and effect." (quoting *Zadvydas v. Davis*, 533 U.S. 678, 684–86 (2001))).  And, finally, as argued by Wang, even if he is ultimately

8

released from custody, he will still be subject to supervised release by United States Probation for three years with special conditions imposed—including, the condition requiring Wang to cooperate with the directives of immigration authorities. *Doc. 7* at 2; *see doc. 1* at 18. Thus, the Court concludes that Wang, who has been detained in excess of one year, is entitled to a bond hearing. *See Chavez-Alvarez*, 783 F.3d at 478 ("[W]e are convinced that, beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time Chavez–Alvarez had been detained for one year, the burdens to Chavez–Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute.").

Turning to whether the Court should conduct that hearing or whether the Court should order an immigration judge to conduct that hearing, the Court concludes that the bond hearing should be held before an immigration judge. In reaching this conclusion we note that although, in certain circumstances, the Court has conducted bond hearings in these types of cases in the past, *see, e.g.*, *Leslie v. Holder*, 865 F.Supp.2d 627 (M.D.Pa. 2012), the trend more recently has been for the Court to refer the case in the first instance to an immigration judge to conduct the bond hearing. *See, e.g.*, *Gourzong v. Sabol*, 3:15-CV-01969 (M.D. Pa. Jan. 26, 2016) (Mariani, J.); *Deptula v. Lynch*, 1:15-CV-2228, 2016 WL 98152 (M.D.Pa. Jan. 8, 2016) (Carlson, C.M.J.); *Singh v. Sabol*, No. 1:14-CV-1927, 2015 WL

3519075 (M.D. Pa. June 4, 2015) (Carlson, C.M.J.). Thus, in accordance with that trend and "[m]indful of the deference which should be accorded in the first instance to agency decision-making processes" *Leslie*, 865 F. Supp. 2d at 631, it is recommended that the Court order an immigration judge to conduct the bond hearing.

Finally, to the extent that Wang requests the Court to retain jurisdiction in this matter, it is recommended that such request be granted, but only for the limited purpose of ensuring that Wang receives the bond hearing, to which the Court believes he is entitled.

### IV. Recommendations.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the Court grant the petition (*doc. 1*) for a writ of habeas corpus, and order that, within **14 days**, an immigration judge conduct a bond hearing in accordance with *Chavez-Alvarez*. **IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter, but only for the limited purpose of ensuring that Wang receives a bond hearing. **IT IS FINALLY RECOMMENDED** that Thomas R. Decker and ICE be dismissed as respondents from this action.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within

fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **20th day** of **April, 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
